**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4744**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GEORGE ROBERT CUMMINGS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Aiken.  Margaret B. Seymour, District Judge. (CR-03-1143)

Submitted:  August 31, 2005          Decided:  September 20, 2005

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Katherine E. Evatt, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.  J. Strom Thurmond, Jr., United States Attorney, Tara M. Lyons, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

George Robert Cummings pled guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2000), reserving his right to appeal the district court's denial of his motion to suppress evidence seized during a traffic stop. He was sentenced to thirty months of imprisonment. On appeal, he claims: (1) the district court erred in denying his motion to suppress; and (2) the district court erred in sentencing him under a mandatory application of the federal sentencing guidelines, in violation of United States v. Booker, 125 S. Ct. 738 (2005).

This court reviews the district court's factual findings underlying a motion to suppress for clear error and reviews its legal determinations de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, this court construes the evidence in the light most favorable to the government. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998). After having reviewed the transcript of the hearing on the motion to suppress, the parties' briefs, and the materials submitted in the joint appendix, we find no reversible error.

Cummings also asserts that the district court's mandatory application of the sentencing guidelines was plain error under Booker. Because this claim was not preserved for appellate review,

it is reviewed for plain error, and Cummings has the burden of showing that the error affected his substantial rights. <u>United States v. White</u>, 405 F.3d 208, 223 (4th Cir. 2005).  There is no indication in the record that the district court would have imposed a lower sentence under an advisory guideline system; therefore, Cummings cannot make the necessary showing.  <u>Id.</u> at 224-25.

Accordingly, we affirm Cummings' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>